**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE**
**COMMISSION,**

                **Plaintiff,**

**-vs-**                                                                     **Case No. 6:07-cv-1920-Orl-22DAB**

**ROBERT E. LANE,**
**WEALTH POOLS INTERNATIONAL,**
**INC., and RECRUIT FOR WEALTH, INC.,**

                **Defendants,**

**T-N-T EDUCATION COMPANY, INC.,**
**RICHARD H. LANE, MUNDO TRADE,**
**INC., RENEE BECKER, JULIA LANE and**
**FIRST FIDUCIARY BUSINESS TRUST**

                **Relief**
**Defendants**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR ALLOWANCE OF EXPENSES OF THE RECEIVER AND COUNSEL (Doc. No. 133)
>
> **FILED:** October 6, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Receiver seeks reimbursement of expenses incurred by the Receiver and her counsel between December 2007 and August 31, 2008, in the total amount of $129,915.19. There has been

no objection or response to the motion, filed by any party or claimant. Upon review, the motion is **granted.**

Receiver Denise D. Dell-Powell was appointed as Receiver over Defendants Wealth Pools International, Inc. And Recruit for Wealth, Inc., pursuant to an emergency motion filed by Plaintiff (Doc. No. 12). The Order provided that the Receiver may appoint "one or more special agents, employ legal counsel . . . as the Receiver deems necessary and . . . fix and pay their reasonable compensation and reasonable expenses . . . subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures . . ." (Doc. No. 12 at 3). Pursuant to this authority, the Receiver has hired counsel and represents in her motion that she and her counsel have incurred significant expenses in the administration of the Estate, investigating the affairs of the Receivership Entities, and identifying and marshaling assets, all as detailed in her motion. The Receiver represents that these expenditures (including retaining computer experts, providing notice to over 20,000 claimants, maintaining a website to keep claimants informed, secretarial overtime, and retaining appraisers and other experts to determine the value of Estate property) were necessarily incurred. The instant request is directed solely to out of pocket expenditures, and does not include a request for fees.[1]

As noted by the Receiver, the Court has granted her authority to incur reasonable expenses in the management of the Estate. Requests for reimbursement of expenses must be supported by sufficient information for the Court to determine that the expenses are actual and were necessarily incurred. See *FTC v. Peoples Credit First, LLC,* 2005 WL 3981599, at *5 (M.D. Fla. April 19, 2006);

---

[1]The Receiver states that the amount of fees incurred are in excess of the amount of current assets. The Receiver expects "a significant infusion of funds in the next few months as a result of a tentative settlement agreement. . ." (Doc. No. 133 at 3).

*see also In re Southeast Banking Corp.*, 314 B.R. 250, 271 (S.D. Fla. 2004).  Here, the supporting documentation establishes that the expenses were actually incurred and were, for the most part, obviously necessary, in view of the circumstances.  The only item that gives the Court pause is the $2,461.90 claimed for secretarial overtime.  While the Court would normally not allow such an expense, in view of the relatively modest amount claimed, the lack of objection by any person, and the Receiver's contention that time was of the essence in order to protect assets from being dissipated, the Court will allow it here.

The motion is therefore **granted and the Receiver is authorized to reimburse the expenses, as set forth in her papers.**

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties