# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

-vs-                                      Case No. 6:07-cv-1920-Orl-22DAB

ROBERT E. LANE,
WEALTH POOLS INTERNATIONAL,
INC., and RECRUIT FOR WEALTH, INC.,

    Defendants,

T-N-T EDUCATION COMPANY, INC.,
RICHARD H. LANE, MUNDO TRADE,
INC., RENEE BECKER, JULIA LANE and
FIRST FIDUCIARY BUSINESS TRUST

    Relief Defendants

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO APPROVE CONSENT JUDGMENT OF DEFENDANT ROBERT E. LANE AND RELIEF DEFENDANTS JULIA LANE AND RENEE BECKER (Doc. No. 151)** |
| **FILED:** | May 28, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**, without prejudice. | |

| MOTION: | MOTION TO APPROVE CONSENT JUDGMENT OF RELIEF DEFENDANTS RICHARD LANE AND TNT EDUCATION COMPANY (Doc. No. 152) |
|---|---|
| FILED: | May 28, 2009 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, without prejudice.**

| MOTION: | MOTION TO APPROVE CONSENT JUDGMENT OF DEFENDANTS WEALTH POOLS INTERNATIONAL INC. AND RECRUIT FOR WEALTH, INC. (Doc. No. 153) |
|---|---|
| FILED: | May 28, 2009 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, without prejudice.**

This matter comes before the Court on referral of the District Judge. According to the motions and exhibits, the SEC seeks entry of the Proposed Consent Final Judgments, which seek to enjoin Defendants from violations of the Securities Act of 1933 ("the Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), and provide for disgorgement of certain identified assets or monies, as to the Defendants and Relief Defendants.

According to the Complaint (Doc. No. 1), Defendants are alleged to have violated the federal securities laws through the operation of a "fraudulent pyramid scheme." The SEC sought the following relief: 1) a declaration that "Defendants committed the violations of the federal securities laws alleged in this Complaint;" 2) a temporary restraining order, preliminary and permanent injunctive relief; 3) an asset freeze and an order requiring sworn accountings by the Defendants and Relief Defendants; 4) appointment of a Receiver; 5) records preservation and expedited discovery; 6) disgorgement of all ill-gotten profits or proceeds, with prejudgment interest; 7) civil money

penalties under the Securities Act and the Exchange Act; 8) unspecified "further relief;"and 9) retention of jurisdiction to enforce all orders and decrees. The docket confirms that the Court has already granted some of the relief sought: preliminary injunctive relief has been ordered, a Receiver has been appointed, an asset freeze is in place, sworn accountings have been provided, and records preservation and expedited discovery have occurred. Thus, the only relief not already granted is the request for declaratory relief, a permanent inunction, disgorgement, the imposition of civil monetary penalties, "further relief" and the retention of jurisdiction to enforce all of the above. The motion reflects that the parties have reached agreements to settle the outstanding matters, via entry of the proposed judgments. For the reasons set forth herein, the Court **respectfully recommends** that the motions be denied, without prejudice, as set forth herein.

### The Standard of Review

It has been said that "the court's duty when approving a consent decree is fundamentally different from its duty in trying a case on the merits." *United States v. Salt River Project Agr. Improvement and Power Dist.*, 2008 WL 5332023, 2 (D. Ariz. 2008). Specifically, its function in reviewing a proposed consent decree is not to substitute its own judgment for that of the parties to the decree but to ensure that the terms of the decree are fair, adequate, reasonable, and consistent with the law. *Id.*, citing *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir.1984); *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir.1983), *cert. denied*, 467 U.S. 1219, 104 S.Ct. 2668, 81 L.Ed.2d 373 (1984); *see also S.E.C. v. Wang*, 944 F.2d 80, 85 (2nd Cir. 1991) ("We therefore hold that unless the consent decree specifically provides otherwise once the district court satisfies itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair and reasonable, its review is at an end.")

Moreover, there is a presumption in favor of the decree's enforceability when the voluntary settlement has the approval of the governmental agency charged with enforcing the statutes relevant to the matter. *Randolph*, 736 F.2d at 529 (noting that "courts should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment"); *Salt River Project Agr. Improvement and Power Dist., supra*, 2008 WL 5332023, 2 (collecting cases).

That deference, however, is not without limits. The SEC must still show entitlement to the injunctive relief it seeks:

> Unlike traditional equitable injunctions, statutory injunctions, such as those that may issue under the securities laws, may prohibit conduct that is already illegal. *See SEC v. Carriba Air, Inc.*, 681 F.2d 1318, 1321 (11th Cir.1982). This makes it possible to punish repeat violators of the securities laws through contempt sanctions without the trouble of initiating a new lawsuit. *See Chandler v. James*, 180 F.3d 1254, 1273 n. 18 (11th Cir.1999) (Tjoflat, J., concurring), *vacated on other grounds sub nom. Chandler v. Siegelman*, 530 U.S. 1256, 120 S.Ct. 2714, 147 L.Ed.2d 979 (2000). Thus, unlike the other relief that the parties' settlement agreement provides--disgorgement of profits and a fine--injunctive relief is unique in that it contemplates a continuing role for the court and creates a short-cut to the normal process by which punishment for violations of the securities law may be imposed.
>
> The statutes authorizing injunctions to prevent future securities laws violations require the SEC to make a "proper showing" to obtain injunctive relief. 15 U.S.C. §§ 77t(b) & 78u(d)(1). As noted in the previous order, the Eleventh Circuit has held that an injunction can issue pursuant to the securities laws when the SEC establishes both a prima facie case of past securities law violations and a reasonable likelihood that the wrong will be repeated absent the injunction. *See SEC v. Unique Financial Concepts, Inc.*, 196 F.3d 1195, 1199 n. 2 (11th Cir. 1999). In deciding whether there is a reasonable likelihood of future violations, courts consider the egregiousness of the defendants' actions, the nature of the offense, the scienter exhibited, and the degree to which the defendants acknowledge the wrongfulness of their misdeeds. *See SEC v. Zale Corp.*, 650 F.2d 718, 720 (5th Cir. Unit A July 16, 1981).

*S.E.C. v. Globus Group, Inc.*, 117 F.Supp.2d 1345, 1346-1347 (S.D. Fla. 2000) (declining to enter injunction as part of consent judgment, and allowing withdrawal of the settlement agreement).

The Court applies the above standard in reviewing the proposed consent judgments.

## Analysis

The proposed consent judgments provide for injunctive relief against the Defendants and disgorgement of certain specified assets from Defendants and Relief Defendants, but seek no civil penalties under the Securities Act or Exchange Act, and the SEC has agreed to waive part of the disgorgement amount. Notably, the papers indicate that all named parties have consented to the entry of these judgments, but Defendants and Relief Defendants have done so "without admitting or denying any of the allegations in the Commission's Complaint." Thus, the proposed judgments make no findings of fact that the Defendants committed the violations of the federal securities laws pled in the Complaint, and no declaratory relief is provided.[1]

To the extent the parties have agreed to disgorge certain assets, the Court is persuaded that deference to the SEC is appropriate.[2] The papers refer to financial statements and other matters that are not before the Court. In view of the admonition not to substitute its own judgment on matters where the SEC has negotiated and submitted the settlement, the Court can only presume that the provisions are, as the parties represent, reasonable and fair. The Court notes that no party has objected to the proposed consent judgments, and the Court need not require proof of resulting damage to any investor before ordering disgorgement. *S.E.C. v. Blavin*, 760 F.2d 706, 713 (6th Cir. 1985) ("The purpose of disgorgement is to 'force a defendant to give up the amount by which he was unjustly enriched' rather than to compensate the victims of fraud. *S.E.C. v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90, 102 (2d Cir. 1978). Once the Commission has established that a

---

[1] The proposed judgments do contain language purporting to limit the rights of Defendant Robert Lane and Relief Defendants to contest the allegations of the complaint, should certain specified future proceedings be necessary. Moreover, some of the consents recognize an agreement "not to take any action or to make . . .any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis." Notably, the Consent of Richard Lane and TNT Education contains no such agreement. Doc. No. 152-2.

[2] This conclusion would be a more comfortable one had the parties included at least a summary of the relevant facts including an analysis of the defendants' resources.

defendant has violated the securities laws, the district court possesses the equitable power to grant disgorgement without inquiring whether, or to what extent, identifiable private parties have been damaged by [the] fraud.")

A closer call is required to the extent the proposed judgments call for injunctive relief. As set forth above, it is the SEC's burden to establish entitlement to that relief, and the SEC offers no evidence or argument in support of this relief in their motions. As the *Globus Group* court noted, this relief is appropriate upon a showing of a prima facie case of past securities law violations and a reasonable likelihood that the wrong will be repeated absent the injunction. *See SEC v. Unique Financial Concepts, Inc.*, 196 F.3d 1195, 1199 n. 2 (11th Cir. 1999). In deciding whether there is a reasonable likelihood of future violations, courts consider the egregiousness of the defendants' actions, the nature of the offense, the scienter exhibited, and the degree to which the defendants acknowledge the wrongfulness of their misdeeds. *See SEC v. Zale Corp.*, 650 F.2d 718, 720 (5th Cir. Unit A July 16, 1981).

The instant motions do not support the granting of injunctive relief. As noted, these Defendants specifically do *not* admit to any of the allegations set forth in the Complaint. As such, there is no prima facie showing in these papers of past securities violations and the "degree to which defendants acknowledge the wrongfulness of their misdeeds" is nil. Nor is the Court persuaded by review of the rest of the record here. The Complaint is not verified and, although the Court did grant a preliminary injunction, it did so on the consent of the parties, which was given "without admitting or denying any of the allegations in the Complaint" (*see* Doc. Nos. 41, 42, 44, 45).[3] Indeed, the parties want the Court to issue a Judgment that does *not* find that Defendants have violated anything;

---

[3] Note, though, that the Court did grant a Temporary Restraining Order upon an *ex parte* showing made by the SEC (Doc. No. 13). By its very nature, of course, this is a preliminary finding and does not serve to dispense with the required showing of the right to permanent injunctive relief.

only that they agree that they will not do so in the future. It would be inappropriate for the Court to merely "rubberstamp" the proposed judgments, absent any evidentiary showing of the necessity for injunctive relief.

As the Court is uncertain as to whether the three proposed judgments were meant to be considered together, and it finds that it cannot recommend approval of the two proposed judgments that contain injunctive relief, it defers recommending approval of Doc. No. 152, which is directed solely to two Relief Defendants, pending further clarification from the SEC.

It is therefore **respectfully recommended** that the motions be **denied, without prejudice** to a more complete filing, as outlined above.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 10, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy