**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

-vs-                                        Case No. 6:07-cv-1920-Orl-22DAB

**ROBERT E. LANE,**
**WEALTH POOLS INTERNATIONAL,**
**INC., and RECRUIT FOR WEALTH, INC.,**

        **Defendants,**

**T-N-T EDUCATION COMPANY, INC.,**
**RICHARD H. LANE, MUNDO TRADE,**
**INC., RENEE BECKER, JULIA LANE and**
**FIRST FIDUCIARY BUSINESS TRUST**

        **Relief Defendants**

_____

## ORDER

This cause comes before the Court for consideration of Magistrate Judge David A. Baker's July 10, 2009 Report and Recommendation ("R&R") (Doc. No. 158) and the Objections thereto filed by Defendants Richard Lane and T-N-T Education Company, Inc. (collectively " Relief Defendants") on July 20, 2009 (Doc. No. 159). Plaintiff Securities and Exchange Commission (the "SEC") also filed an Objection to the R&R on July 24, 2009 (Doc. No. 160).

Judge Baker summarized the relevant background of this case as follows**:**

> According to the motions and exhibits, the SEC seeks entry of the Proposed Consent Final Judgments, which seek to enjoin Defendants from violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), and provide for disgorgement of

>   certain identified assets or monies, as to the Defendants and Relief
>   Defendants.
>
>   According to the Complaint, Defendants are alleged to have violated the federal securities laws through the operation of a "fraudulent pyramid scheme." The SEC sought the following relief: 1) a declaration that "Defendants committed the violations of the federal securities laws alleged in this Complaint;" 2) a temporary restraining order, preliminary and permanent injunctive relief; 3) an asset freeze and an order requiring sworn accountings by the Defendants and Relief Defendants; 4) appointment of a Receiver; 5) records preservation and expedited discovery; 6) disgorgement of all ill-gotten profits or proceeds, with prejudgment interest; 7) civil money penalties under the Securities Act and the Exchange Act; 8) unspecified "further relief;" and 9) retention of jurisdiction to enforce all orders and decrees. The docket confirms that the Court has already granted some of the relief sought: preliminary injunctive relief has been ordered, a Receiver has been appointed, an asset freeze is in place, sworn accountings have been provided, and records preservation and expedited discovery have occurred. Thus, the only relief not already granted is the request for declaratory relief, a permanent inunction, disgorgement, the imposition of civil monetary penalties, "further relief" and the retention of jurisdiction to enforce all of the above. The motion reflects that the parties have reached agreements to settle the outstanding matters, via entry of the proposed judgments.

(Doc. No. 158 pp. 2-3) (internal citations omitted).

The Proposed Consent Final Judgments provide for injunctive relief against the Defendants and disgorgement of certain specified assets from Defendants and Relief Defendants. In his R&R, Judge Baker recommended that this Court find that the provisions regarding the disgorgement of certain specified assets from Defendants and Relief Defendants are reasonable and fair. However, Judge Baker also recommended that the Court find that the instant motions do not support the granting of injunctive relief. Judge Baker based such a conclusion on the fact that Defendants' failed to admit to any of the allegations set forth in the Complaint, and on the fact that the instant motions failed to establish a prima facie showing of past securities violations. Because Judge Baker was uncertain as

to whether the three proposed judgments (Doc. Nos. 151, 152 & 153) were meant to be considered together, he recommended that the Court deny each proposed judgment, including the proposed judgments against the Relief Defendants, which did not seek injunctive relief.

The SEC objected to Judge Baker's finding that the record does not provide a prima facie showing of entitlement to injunctive relief. Specifically, the SEC claimed that the evidence submitted in support of its Emergency Ex Part Motion for Temporary Restraining Order and Other Emergency Relief (Doc. No. 4) provides ample support of the imposition of permanent injunctive relief against the Defendants. Further, the SEC argued that courts routinely enter permanent injunctions consented to on a no admit or deny basis.

The Relief Defendants objected to the R&R, asserting that their settlement was negotiated independently of that of the other Defendants.

Had the SEC put in its motion the facts presented in its objection, the Magistrate Judge likely would have recommended that the motions be granted. It is not the Court's job to go through the record and find facts to support the injunction. The fact that "numerous courts around the country, including the Middle District [of Florida] and this Court, routinely enter permanent injunctions" in similar circumstances does not relieve the SEC of its burden of proving that injunctive relief is necessary in the instant action. (Doc. No. 160 p. 6.) Further, the Court does not have the records of the various cases the SEC cited before it and, therefore, cannot determine whether the SEC's claim that the cases involve "the exact same situation as we have here" is indeed true. (*Id*. at 7.)

Based on the evidence presented in the SEC's objections to the R&R, the Court finds that injunctive relief is necessary in the instant action. However, before the Proposed Consent Final Judgments can be entered the SEC shall file separate orders for each individual defendant. Further,

the SEC shall amend the Proposed Consent Final Judgments to provide guidance to the Banks as to what sums they may or may not release. Alternatively, the SEC may request that the Court lift the asset freezes imposed upon the Defendants.

Based on the foregoing, it is ORDERED as follows:

1. Magistrate Judge David A. Baker's July 10, 2009 Report and Recommendation (Doc. No. 158) is ADOPTED IN PART and OVERRULED IN PART. The Report and Recommendation is ADOPTED insofar as it recommends that this Court find that the provisions in the proposed orders regarding the disgorgement of certain specified assets from Defendants and Relief Defendants are reasonable and fair. The Report and Recommendation is OVERRULED insofar as it recommends that this Court deny injunctive relief.

2. Magistrate Judge David A. Baker's July 10, 2009 Report and Recommendation (Doc. No. 157) is MOOT.

3. Defendants Richard Lane and T-N-T Education Company, Inc.'s Objection to the July 10, 2009 Report and Recommendation (Doc. No. 159), filed on July 20, 2009, is MOOT.

4. Plaintiff Securities & Exchange Commission's Objection to the July 10, 2009 Report and Recommendation (Doc. No. 160), filed on July 24, 2009, is SUSTAINED.

5. Plaintiff Securities & Exchange Commission's Motion to Approve Consent Judgment of Defendant Robert E. Lane to Final Judgment of Permanent Injunction and Other Relief and Consent of Relief Defendants Julia Lane and Renee Becker to Final Judgment and Other Relief (Doc. No. 151), filed on May 28, 2009, is DENIED without prejudice and with leave to amend in compliance with the Court's directions.

6. Plaintiff Securities & Exchange Commission's Motion to Approve Consent Judgment of Relief Defendants Richard Lane and T-N-T Education Company, Inc. to Final Judgment and Other Relief (Doc. No. 152), filed on May 28, 2009, is DENIED without prejudice and with leave to amend in compliance with the Court's directions.

7. Plaintiff Securities & Exchange Commission's Motion to Approve Consent Judgment of Defendants Wealth Pools International, Inc. and Recruit for Wealth, Inc. for Injunctive and Other Relief (Doc. No. 153), filed on May 28, 2009, is DENIED without prejudice and with leave to amend in compliance with the Court's directions.

8. Plaintiff Securities & Exchange Commission shall file Amended Consent Final Judgments in compliance with this Court's directions by **SEPTEMBER 2, 2009**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 24, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge David A. Baker

ANNE C. CONWAY
United States District Judge