# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

                **Plaintiff,**

**-vs-**                                           **Case No. 6:07-cv-1920-Orl-22DAB**

**ROBERT E. LANE,**
**WEALTH POOLS INTERNATIONAL,**
**INC., and RECRUIT FOR WEALTH, INC.,**

                **Defendants,**

**T-N-T EDUCATION COMPANY, INC.,**
**RICHARD H. LANE, MUNDO TRADE,**
**INC., RENEE BECKER, JULIA LANE and**
**FIRST FIDUCIARY BUSINESS TRUST**

                **Relief Defendants**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR ENTRY OF FINAL JUDGMENT OF DISGORGEMENT AGAINST RELIEF DEFENDANTS MUNDO TRADE AND FIRST FIDUCIARY (Doc. No. 195)**
>
> **FILED:**   **November 13, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

*INTRODUCTION*

The motion, which is unopposed, seeks entry of final judgment against Relief Defendants Mundo Trade, Inc. ("Mundo Trade") and First Fiduciary Business Trust ("First Fiduciary"). As set forth in detail in the motion, Plaintiff filed its complaint (Doc. No. 1) to restrain and enjoin Defendants Wealth Pools International, Inc., and Recruit for Wealth, Inc. (collectively "Wealth Pools"), and Robert E. Lane from continuing to violate the federal securities laws in connection with an allegedly fraudulent pyramid scheme. Additionally, the complaint sought to recover any ill-gotten gains with prejudgment interest thereon that were received by Relief Defendants T-N-T Education, Richard Lane, Mundo Trade, Renee Becker, Julia Lane and First Fiduciary (collectively "Relief Defendants").

Along with the complaint, the Commission moved for an *ex parte* temporary restraining order ("TRO") against the Defendants and Relief Defendants, which, among other things, sought an asset freeze and the appointment of a Receiver over the Corporate Defendants (Doc. Nos. 4-6). The Court granted the TRO and the asset freeze (Doc. Nos. 12-13). All of the Defendants and Relief Defendants subsequently consented to the Court's entry of a preliminary injunction and a continuation of the asset freeze (Doc. Nos. 36-39, 41-42 & 44-45).

On December 7, 2007, the Commission served Relief Defendants Mundo Trade and First Fiduciary with a summons and a copy of the complaint (Doc. Nos. 20, 23). As neither Mundo Trade nor First Fiduciary filed or served an answer or other responsive pleading, the Commission obtained a clerk's default as to these Relief Defendants (Doc. Nos. 89-92). On January 6, 2009, the Court gave the Commission sixty days after final judgment had been entered against any Defendant to move for final judgment against Mundo Trade and First Fiduciary (Doc. No. 140). On September 14, 2009, in

separate orders, the Court entered final judgment against all of the Defendants (Doc Nos. 178-79 & 181). The instant motion followed, and has been referred to the undersigned for issuance of a report and recommendation. No opposition memorandum has been filed.

### *STANDARDS OF LAW*

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

### *ISSUES AND ANALYSIS*

The underlying factual allegations with respect to the fraudulent pyramid scheme alleged to have been committed by Defendants have been established, for present purposes as to the Relief Defendants, by virtue of the default. With respect to the role of these Relief Defendants, the Complaint asserts that both Mundo Trade and First Fiduciary received investors' funds from bank accounts located in the Middle District of Florida (Doc. No. 1 at ¶ 15). Relief Defendant Mundo Trade is a private company, incorporated in Nevada, with its principal place of business in Alabama. Richard Lane is its president and Robert Lane is its secretary and treasurer. Defendants transferred investors' funds to Mundo Trade. (*Id.* at ¶ 10). Relief Defendant First Fiduciary is a domestic business trust organized under the laws of Nevada with its principal place of business in Mount Dora,

Florida. Lane is a signatory on at least one of its bank accounts and the Defendants have transferred investors' funds into a bank account First Fiduciary holds (*Id.* at ¶ 13). Wealth Pools has received investors' proceeds and deposited those funds in bank accounts Lane and his daughter, Relief Defendant Renee Becker controlled (*Id.* at ¶ 11, 53). In turn, these proceeds were used to make payments to Robert Lane, Julia Lane, Richard Lane, Renee Becker, T-N-T Education, Mundo Trade and First Fiduciary. From April 2006 through August 2007, Wealth Pools paid Mundo Trade and First Fiduciary hundreds of thousands of dollars (*Id*. at ¶ 53). By virtue of the default, these well-pled allegations are admitted as to these Relief Defendants.

Although the Complaint does not accuse either Relief Defendant of wrongdoing, the foregoing facts establish that these Relief Defendants have obtained the proceeds of Defendants' illegal scheme. The Commission can obtain equitable relief from a Relief Defendant without charging it with any wrongdoing where it "possess[es] illegally obtained profits but ha[s] no legitimate claim to them." *S.E.C. v. Cherif*, 933 F.2d 403, 414 n. 11. (7th Cir.1991), *cert. denied*, 502 U.S. 1071 (1992); *see also S.E.C. v. Chemical Trust*, 2000 WL 33231600, 11 (S. D. Fla. 2000) ("It is not necessary for the person holding the property to have done anything wrong in order for that person to be required to return the property to its rightful owner."). As disgorgement primarily serves to prevent unjust enrichment, *S.E.C. v. First City Financial Corp*., 890 F.2d 1215, 1231 (D.C.Cir.1989), and these Relief Defendants have not asserted or established any *bona fide* claim to the funds nor challenged the appropriateness of the relief sought, the Court finds that Plaintiff has established its entitlement to the relief here.

As for the amount to be disgorged, the disgorgement amount need only be a reasonable approximation of profits connected to the wrongful conduct. *Id.* In its papers, Plaintiff asks that

Mundo Trade and First Fiduciary be ordered to disgorge only the amount they received from Wealth Pools minus any payments made to any Defendant or Relief Defendant. This request is supported by the Declaration of Tonya Tullis, a Certified Public Accountant (Doc. No. 195-2). In her uncontradicted Declaration, Ms. Tullis avers that, after reviewing bank accounts and records, she calculates as follows:

| **Relief Defendant** | **Net received from Wealth Pools** | **Payments made to Defendants or Relief Defendants** | **Total to be disgorged (Net minus payments)** |
|---|---|---|---|
| First Fiduciary | $414,183.00 | $21,800 | $392,383.00 |
| Mundo Trade | $435,942 | $32,924 | $403,018.00 |

Plaintiff also seeks pre-judgment interest, consistent with the equitable purpose of the remedy, *citing SEC v. Hughes Capital Corp.*, 917 F. Supp. 1080, 1085 (D.N.J. 1996), *aff'd*, 124 F.3d 449 (3d Cir. 1997). Plaintiff calculates a total of $39,190.47 with respect to pre-judgment interest for the First Fiduciary amounts (Doc. No. 195-6) and $40,252.68, with respect to Mundo Trade (Doc. No. 195-5). Plaintiff has prepared Proposed Final Judgments (Doc. Nos. 195-7 and 195-8) which reflect the above findings.[1] The Court finds the Proposed Final Judgments to be acceptable in substance and form.

### *CONCLUSION AND RECOMMENDATION*

As the motion is well supported by the record and the applicable law, and there being no opposition to the relief sought, it is **respectfully recommended** that the motion be **granted** and the Court enter the Proposed Final Judgments.

---

[1] The proposed judgments round-off the interest amounts to $39,190.00 and $40,252.00 respectively.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 17, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy