**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

                      **Plaintiff,**

-vs-                                                Case No. 6:07-cv-1920-Orl-22DAB

**ROBERT E. LANE,
WEALTH POOLS INTERNATIONAL,
INC., and RECRUIT FOR WEALTH, INC.,**

                      **Defendants,**

**T-N-T EDUCATION COMPANY, INC.,
RICHARD H. LANE, MUNDO TRADE,
INC., RENEE BECKER, JULIA LANE and
FIRST FIDUCIARY BUSINESS TRUST**

                      **Relief**

**Defendants**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR CLARIFICATION OF FINAL JUDGMENT (Doc. No. 227)**
>
> **FILED:**      October 26, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part.

      The Receiver for Wealth Pools International, Inc. and Recruit for Wealth, Inc. moves for clarification of the final judgments in this matter (Doc. Nos. 186, 187) with respect to certain federal

and state tax refunds. As detailed in the motion and the response papers (Doc. No. 228), pursuant to the terms of the final judgments, Richard Lane and TNT Education Co., Inc. ("TNT") assigned their federal and state tax refunds for the years 2007, 2008 and 2009 to the Receiver. The final judgments contain the following pertinent provision:

> Within forty-five (45) days from the date of this Order, Richard Land and T-N-T shall turn over all unused funds from the Bank Accounts to Satisfy Tax Obligations, Fees and Reimbursement of Expenses to the Court-Appointed Receiver. These funds shall remain in the Trust Account of the Court-Appointed Receiver until the Tax Obligations, Fees and Reimbursement of Expenses have been fully paid or satisfied. After the Tax Obligations, Fees and Reimbursement of Expenses have been fully paid or satisfied, any unused portion shall become the property of the Court-Appointed Receiver.

(Doc. No. 186 at 4-5; Doc. No. 187 at 5).

The Lanes filed amended tax returns and the United States and the State of Alabama have since issued refunds to the Lanes.[1] There is no dispute that "the [receivership] estate is due to receive 100% of the federal and state income tax refunds as set out in the final judgment, subject to agreed upon adjustment of $33,000 referenced in the court's order (Doc. 218) and the payment of certain legal and accounting fees as set out in the final judgment." (Doc. No. 228). The refunds are currently being held in trust by counsel for the Lanes, although counsel has agreed to transfer the refunds to the Receiver, upon certain conditions. At issue is whether the custodian of the refunds must retain the refunds until the expiration of the time period for the United States and the State of Alabama to audit the tax returns (approximately three years). As set forth below, it is **respectfully recommended** that the motion be **granted** to the extent it seeks a clarification of the final judgments with respect to the release of these funds.

---

[1] It is represented that TNT is not a taxpayer.

As stated by the Relief Defendants in the response: "The Lanes have no objection to transferring all of the income tax refunds from the present escrow account to that of the receiver or the registry of the court, provided that in the event an audit by State or Federal taxing authorities results in a tax deficiency, the deficiency is made up out of the overpaid tax refunds." Put simply, the Lanes' position is that the tax obligations are not "fully paid or satisfied" until the taxing authority says so, by expiration of the audit period.

The final judgments do not provide for a three year waiting period, and the language quoted above cannot be fairly read to imply one. As noted by the Receiver and acknowledged by the Relief Defendants, Richard Lane and TNT assigned 100% of their interest in any tax refund to the Court - Appointed Receiver. Thus, pursuant to that assignment (which *is* set forth in the final judgments), the Lanes no longer have any right or interest in the tax refunds, and thus have no standing to insist on how or when they can be used by the Receiver.

In addition to having no legal right to object to the immediate disbursement of the funds, the Court finds no equitable reason to shift the risk of an audit to the Receiver. In the first instance, there is no reason to suspect that an audit is forthcoming. Moreover, even if an audit does occur, there is no indication that it would result in a finding that some or all of the refunds must be returned. Finally, even if such a finding was eventually made, the Final Judgment as to Richard Lane provides that "by making the payments due under this Final Judgment, Richard Lane relinquishes all legal and equitable right, title, and interest in such funds and assets, and no part of the funds or assets shall be returned to him." (Doc. No. 186 at 6). As such, Lane expressly waived any legal or equitable right to return of the refunds and therefore assumed the risk of any audit or possible overpayment. In weighing the certain harm that would result in a three year delay against the mere possibility that there *might* be

an audit that *might* implicate some of the refund which the Lanes have expressly relinquished, the Court finds that the equities favor the Receiver.

For these reasons, it is **respectfully recommended** that the motion be **granted,** and that the Court clarify that the Receiver need not wait until the expiration of the applicable audit period has passed to disburse the funds. It is **recommended** that the Court order the Receiver to give the federal and state tax authorities 45 days written notice that the Receiver is authorized to disburse funds and will do so at the expiration of the 45 days, after which the receivership will be closed. The written notice should provide a notification that this may affect the tax authority's ability to seek re-payment.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 9, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy