**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

          **Plaintiff,**

-vs-                                           Case No. 6:07-cv-1920-Orl-22DAB

**ROBERT E. LANE,**
**WEALTH POOLS INTERNATIONAL, INC.,**
**and RECRUIT FOR WEALTH, INC.,**

          **Defendants,**

**T-N-T EDUCATION COMPANY, INC.,**
**RICHARD H. LANE, MUNDO TRADE, INC.,**
**RENEE BECKER, JULIA LANE and**
**FIRST FIDUCIARY BUSINESS TRUST**

          **Relief Defendants.**
_____

## ORDER

This cause comes before the Court for consideration of Receiver Michael I. Goldberg's Motion for Clarification of Final Judgments Relating to Tax Refunds (Doc. No. 227), filed on October 26, 2011, and Relief Defendants Richard Lane and T-N-T Education Company, Inc.'s Response (Doc. No. 228) to that motion.

The United States Magistrate Judge has submitted a Report and Recommendation (Doc. No. 229) which recommends that the motion be granted in part, i.e., insofar as it seeks clarification of the two final judgments entered as to these two Relief Defendants (Doc. Nos. 186 & 187) regarding the

release of federal and state tax refunds. These Relief Defendants have filed an Objection (Doc. No. 230) to the Report and Recommendation.

After an independent *de novo* review of the record in this matter, including the objections filed by these particular Relief Defendants, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. Although the Receiver did suggest in prior filings that it could not disburse the tax refunds until the risk of audits had passed, it appears that representation was erroneous and, in any event, the final judgments (which control) contain no such limitation. Accordingly, the Receiver need not retain the refunds until expiration of the time period for the United States and the State of Alabama to audit the tax returns at issue (approximately three years).

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed November 9, 2011 (Doc. No. 229), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Receiver's Motion for Clarification of Final Judgments Relating to Tax Refunds (Doc. No. 227) filed on October 26, 2011, is **GRANTED** insofar as it seeks clarification of the final judgments appearing at Doc. Nos. 186 and 187 as regards the release of the tax refunds. The Receiver need not wait until the applicable audit periods have expired to disburse the tax refunds.

3. The Receiver shall immediately give the federal and state taxing authorities 45 days written notice that the Receiver is authorized to disburse these funds and will do so upon the expiration of the 45-day period, after which the receivership will be closed.

The written notice shall provide notification that this may affect the tax authority's ability to seek repayment.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 26, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party
Receiver